Case 1:22-cr-20001-CMA   Document 1   Entered on FLSD Docket 01/07/2022   Page 1 of 11

FILED by __KS__ D.C.
Jan 6, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **22-20001-CR-ALTONAGA/TORRES**

18 U.S.C. § 371
18 U.S.C. § 545
18 U.S.C. § 2

UNITED STATES OF AMERICA

V.

**PAOLA SOTO,**

            **Defendant.**
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. "Corporation A" was a New York limited liability corporation established in 2007 that sold women's accessories, including designer handbags, purses and tote bags made of caiman and python skin under a specific brand name, referred to herein as "Brand X." The products were marketed through a location, the "Showroom," in the borough of Manhattan in New York City.

2. Corporation A was a subsidiary of a company based in Cali, Colombia, "Corporation B," which manufactured the women's accessories that were sold by Corporation A to retail customers through department stores, and at sample sales.

3. The defendant, **PAOLA SOTO**, was a citizen of both Colombia and the United States, and an employee of Corporation B in Cali.

4. The Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq., implemented the provisions of the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") for the United States. *See* 16 U.S.C. § 1537a. Wildlife listed by CITES's 180 member nations were placed on one of three appendices and given a sliding scale of protection. *See* 50 C.F.R. Part 23. Appendix I included genera and species threatened with extinction, and was the most restrictive, banning any wildlife trade for commercial purposes. Appendix II allowed commercial trade under a permit system for genera and species not yet considered in danger of imminent extinction, but that had to be controlled in order to avoid utilization incompatible with survival. All caiman species, with three exceptions, were listed in CITES Appendix II. All python species, with the exception of one subspecies, were also listed in CITES Appendix II. The caiman species exceptions, and the single python subspecies exception, were listed in Appendix I.

5. Under 50 C.F.R. § 14.52, a United States Fish and Wildlife Service ("FWS") officer was required to clear any and all wildlife imported into the United States.

6. Under 50 C.F.R. § 14.52, to obtain clearance of wildlife, an importer or authorized agent was required to make available to an officer of FWS or Customs and Border Protection all shipping documents; all permits, licenses or other documents required by the laws of the United States; all permits or other documents required by the laws or regulations of any foreign country; and any documents and permits required by the country of export or re-export of the wildlife.

7. Under 50 C.F.R. § 14.61, all importers or their agents were required to file with

2

the FWS a completed Declaration for Importation or Exportation of Fish and Wildlife, Form 3-177 ("Form 3-177"), signed by the importer or the importer's agent, upon the importation of any wildlife where FWS clearance under 50 C.F.R. § 14.52 was requested. Form 3-177 required, among other things, an accurate listing of the genus, species, and common name of the item being imported, a description code for the item, the quantity being imported, the country of origin, the purpose of the importation, and the identification number of any permit authorizing the importation.

8. Under 50 C.F.R. § 10.12, the term "wildlife" meant any wild animal, whether alive or dead, including, without limitation, any wild mammal, bird, reptile, amphibian or fish, whether or not bred, hatched, or born in captivity, and including any part or product thereof.

## COUNT 1
### Conspiracy to Defraud the United States
### (18 U.S.C. § 371)

1. The allegations contained in paragraphs 1 through 8 of the General Allegations section of this Information are realleged and incorporated as if fully set forth herein.

2. In or around February 2013, through in or around March 2019, within Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**PAOLA SOTO,**

did willfully, that is, with the intent to further the purpose of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the United States Attorney, to commit an offense against the United States, that is: (a) to fraudulently and knowingly import and bring into the United States any merchandise contrary to law, and receive, conceal, and sell and in any manner facilitate the transportation, concealment, and sale

3

of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, that is, contrary to 16 U.S.C. § 1538(c) and 50 CFR § 1461, in violation of Title 18, United States Code, Section 545, and (b) to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the FWS, in the inspection, monitoring, management, control and regulation of the importation of wildlife into the United States and the proper enforcement of federal wildlife laws in violation of Title 18, United States Code, Section 371.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendant and her co-conspirators to clandestinely import into the United States from Colombia products produced from protected species of wildlife, without the knowledge or approval of U.S. authorities, thereby enriching themselves upon the sale of the contraband products in the United States.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and her co-conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

4. The defendant and her co-conspirators imported certain wildlife merchandise from Colombia into the United States by using individual couriers to transport the wildlife merchandise through commercial air travel. The conspirators did not obtain CITES permits or file a Declaration Forms 3-177 with FWS to obtain authorization to import this merchandise into the United States.

5. The defendant and her co-conspirators recruited the couriers to import the wildlife

merchandise into the United States by paying all expenses associated with their travel to the United States including their airfare and hotel, where necessary. The couriers would transport a small number of items for each trip to the United States to enable them to falsely claim, if challenged, that the items were "personal" in nature.

6. Upon landing in the United States, at the direction of defendant and the co-conspirators, the couriers would transport the illegally imported wildlife merchandise to Company A's Showroom. Company A would then display the illegally imported wildlife merchandise to its retail customers in the Showroom and would sell this merchandise at sample sale events.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed in the Southern District of Florida at least one of the following overt acts, among others:

1. On or about February 5, 2013, **PAOLA SOTO**, traveling on Copa Airlines flight 8 from Cali, Colombia to John F. Kennedy International Airport in Queens, New York, imported 248 brown caiman skin swatches, four brown caiman skin bracelets, one brown caiman skin container, seven brown caiman skin designer handbags, one brown caiman and reticulated python skin designer handbag, one brown caiman skin and mink designer handbag, 11 mink skins and three design books containing caiman, python and anaconda skin swatches, all without required CITES permit and an FWS Form 3-177.

2. In or around February 2016, two co-conspirators whose identities are known to the United States Attorney, traveling on Avianca Airlines flight 42 from Colombia to John F. Kennedy International Airport in Queens, New York, imported eight caiman skin designer

handbags without a CITES permit and without filing an FWS Form 3-177.

3. On or about March 13, 2019, **PAOLA SOTO** and three co-conspirators whose identities are known to the United States Attorney, all traveling on American Airlines flight 920 from Cali, Colombia to Miami International Airport in Florida ("MIA"), imported 12 caiman skin designer tote bags and 16 caiman skin designer purses all without required CITES permits and an FWS Form 3-177, with the intent to deliver said merchandise to the Showroom.

4. On or about April 2, 2019, **PAOLA SOTO** provided airline tickets and monetary compensation to a co-conspirator whose identity is known to the United States Attorney to transport three caiman skin designer handbags from Cali, Colombia to the United States.

5. On or about April 4, 2019, a co-conspirator whose identity is known to the United States Attorney, traveling on American Airlines flight 920 from Cali, Colombia to MIA, imported three caiman skin designer handbags without the required CITES permit and without an FWS Form 3-177.

All violation of Title 18, United States Code, Section 371.

### COUNT 2
### Smuggling Goods into the United States
### (18 U.S.C. § 545)

1. The allegations contained in paragraphs 1 through 8 of the General Allegations section of this Information are realleged and incorporated as if set forth in their entirety herein.

2. On or about March 13, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**PAOLA SOTO,**

did fraudulently and knowingly import and bring into the United States any merchandise

contrary to law, that is, 12 designer tote bags and 16 designer purses made from the skins of wildlife listed in CITES Appendix II, and did receive, conceal, and sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, that is, contrary to 16 U.S.C. § 1538(c) and 50 CFR § 1461; in violation of Title 18, United States Code, Sections 545 and 2.

## COUNT 3
### Smuggling Goods into the United States
### (18 U.S.C. § 545)

1.      The allegations contained in paragraphs 1 through 8 of the General Allegations section of this Information are realleged and incorporated as if set forth in their entirety herein.

2.      In or around April 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**PAOLA SOTO,**

did fraudulently and knowingly import and bring into the United States any merchandise contrary to law, that is, two designer wallets and one designer purse made from the skins of wildlife listed in CITES Appendix II, and did receive, conceal, and sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise after importation,

knowing the same to have been imported and brought into the United States contrary to law, that is, contrary to 16 U.S.C. § 1538(c) and 50 CFR § 1461; in violation of Title 18, United States Code, Sections 545 and 2.

                                              JUAN ANTONIO GONZALEZ
                                              UNITED STATES ATTORNEY

                                              Thomas A. Watts-FitzGerald
                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

PAOLA SOTO

_____Defendant._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | | |
|---|---|---|
| New defendant(s) | Yes ____ | No ____ |
| Number of new defendants | ____ | |
| Total number of counts | ____ | |

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect   _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days         ✓
   - II   6 to 10 days        ___
   - III  11 to 20 days       ___
   - IV   21 to 60 days       ___
   - V    61 days and over    ___

   (Check only one)
   - Petty     ___
   - Minor     ___
   - Misdem.   ___
   - Felony    ✓

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   Yes
   If yes: Magistrate Case No.   19-MJ-03482-TORRES
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ____   No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ____   No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ____   No ✓

_____
THOMAS WATTS-FITZGERALD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0273538

*Penalty Sheet(s) attached

REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:**      PAOLA SOTO

**Case No:** _____

Count #: 1

Conspiracy to Defraud the United States

Title 18, United States Code, Section 371

**\* Max. Penalty**:      5 Years' Imprisonment

Counts #: 2 and 3

Smuggling Goods into the United States

Title 18, United States Code, Section 545

**\* Max. Penalty**:      20 Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| PAOLA SOTO | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

WILLIAM BARZEE, ESQ.
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*