UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.   22-20001-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

PAOLA SOTO,

_____Defendant. /

## JOINT FACTUAL STATEMENT

If this matter were to proceed to trial, the United States of America and Defendant Paola Soto agree that through photographs, documentary evidence, testimony of witnesses and the statements of Defendant, the United States would establish the following beyond a reasonable doubt:

1.     The Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*, implemented the provisions of the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") for the United States. *See* 16 U.S.C. § 1537a. Wildlife listed by CITES's 180+ member nations were placed on one of three appendices and given a sliding scale of protection. *See* 50 C.F.R. Part 23. Appendix I included genera and species threatened with extinction, and was the most restrictive, banning any wildlife trade for commercial purposes. Appendix II allowed commercial trade under a permit system for genera and species not yet considered in danger of imminent extinction, but that had to be controlled in order to avoid utilization incompatible with survival. All caiman species, with three exceptions, were listed in CITES Appendix II.   All python species, with the exception of one subspecies, were also listed in CITES Appendix II. The caiman species exceptions, and the single python subspecies

exception, were listed in Appendix I.

2.      Under 50 C.F.R. § 14.52, a United States Fish and Wildlife Service ("FWS") officer was required to clear any and all wildlife imported into the United States.

3.      Under 50 C.F.R. § 14.52, to obtain clearance of wildlife, an importer or authorized agent was required to make available to an officer of FWS or Customs and Border Protection all shipping documents; all permits, licenses or other documents required by the laws of the United States; all permits or other documents required by the laws or regulations of any foreign country; and any documents and permits required by the country of export or re-export of the wildlife.

4.      Under 50 C.F.R. § 14.61, all importers or their agents were required to file with the FWS a completed Declaration for Importation or Exportation of Fish and Wildlife, Form 3-177 ("Form 3-177"), signed by the importer or the importer's agent, upon the importation of any wildlife where FWS clearance under 50 C.F.R. § 14.52 was requested. Form 3-177 required, among other things, an accurate listing of the genus, species, and common name of the item being imported, a description code for the item, the quantity being imported, the country of origin, the purpose of the importation, and the identification number of any permit authorizing the importation.

5.      Under 50 C.F.R. § 10.12, the term "wildlife" meant any wild animal, whether alive or dead, including, without limitation, any wild mammal, bird, reptile, amphibian, or fish, whether or not bred, hatched, or born in captivity, and including any part or product thereof.

6.      "Corporation A" was a New York limited liability corporation that sold women's accessories, including designer handbags, purses and totes made of caiman and python skin. The products were marketed through a showroom in New York City.

Corporation A was a subsidiary of a company in Cali, Colombia that manufactured the items sold by Corporation A to retail customers such as department stores and at sample sales.

7.    PAOLA SOTO is a citizen of both Colombia and the United States, and at the relevant times an employee of the production company in Colombia.

8.    On or about February 5, 2013, PAOLA SOTO, traveling on Copa Airlines flight 8 from Cali, Colombia to John F. Kennedy International Airport (JFK) in New York, imported 248 brown caiman skin swatches, four brown caiman skin bracelets, one brown caiman skin container, seven brown caiman skin designer handbags, one brown caiman and reticulated python skin designer handbag, one brown caiman skin and mink designer handbag, 11 mink skins and three design books containing caiman, python and anaconda skin swatches, all without possessing and presenting the required CITES permits and FWS Form 3-177.

9.    In or around February 2016, two co-conspirators whose identities are known, traveled on Avianca Airlines flight 42 from Colombia to JFK and imported eight caiman skin designer handbags without the required CITES permit and FWS Form 3-177.

10.    On or about March 13, 2019, PAOLA SOTO and three co-conspirators whose identities are known, traveled on American Airlines flight 920 from Colombia to Miami International Airport (MIA) in Florida and imported 12 caiman skin designer tote bags and 16 caiman skin designer purses all without possessing and presenting the required CITES permits or FWS Form 3-177, with the intent to deliver said merchandise to the showroom in New York.

11.    On or about April 2, 2019, PAOLA SOTO provided airline tickets and monetary compensation to a co-conspirator whose identity is known, to transport three caiman skin designer handbags from Cali, Colombia to the United States.

3

12.   On or about April 4, 2019, the co-conspirator referenced, supra, in paragraph 11, traveled on American Airlines flight 920 from Colombia to MIA, and imported three caiman skin designer handbags without the required CITES permit and FWS Form 3-177.

### Conclusion

Based upon the foregoing, the United States and the Defendant respectfully submit that a reasonable jury would find that PAOLA SOTO is guilty beyond a reasonable doubt of willfully and knowingly, with the intent to further the objects of the conspiracy, combining, conspiring, confederating, and agreeing with others known and unknown, to commit offenses against the United States, that is: (a) to fraudulently and knowingly import and bring into the United States any merchandise contrary to law, and receive, conceal, and sell and in any manner facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, in violation of 16 U.S.C. § 1538(c) and 50 C.F.R. § 1461; and (b) to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the U.S. Fish & Wildlife Service, in the inspection, monitoring, management, control and regulation of the importation of wildlife into the United States and the proper enforcement of federal wildlife laws, all in violation of 18 U.S.C. § 371; and with fraudulently and knowingly importing and bringing into the United States on two separate occasions as charged in Counts 2 and 3, any merchandise contrary to law, that is, various products made from the skins of wildlife listed in CITES Appendix II, and receiving, concealing, and selling, and in any manner facilitating the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, that is, 16 U.S.C. § 1538(c) and 50 C.F.R. § 1461; in violation of 18

U.S.C. §§ 545 and 2; all as charged in the three Counts of the Information filed against her.

Respectfully submitted,

ANTONIO JUAN GONZALEZ
UNITED STATES ATTORNEY

Date: 02/03/2022        By: _____
Thomas A. Watts-FitzGerald
Assistant United States Attorney


TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

Date: 02/03/2022        By: _____
Richard J. Powers
Trial Attorney
Environmental Crimes Section


**Reviewed and agreed to:**

Date: 02/03/2022        By: _____
WILLIAM R. BARZEE, ESQ.
ATTORNEY FOR DEFENDANT

Date: 02/03/2022.       By: _____
PAOLA SOTO
DEFENDANT